**Helen Foster KOEBIG, by her Guardian ad Litem, W. Blair Foster, Appellant,**

v.

**The SOUTH CAROLINA NATIONAL BANK OF CHARLESTON, as Trustee, Appellee.**

No. 6885.

United States Court of Appeals Fourth Circuit.

Argued Nov. 16, 1954.

Decided Dec. 15, 1954.

Herbert W. Clark, San Francisco, Cal. (Hagood, Rivers & Young, G. L. B. Rivers, A. Baron Holmes, III, Charleston, S. C., J. W. McCrystle, A. L. Gibson, Morrison, Hohfeld, Foerster, Shuman & Clark, San Francisco, Cal., on the brief), for appellant.

Augustine T. Smythe, Sr., Augustine T. Smythe, Jr., Charleston, S. C. (Mitchell & Horlbeck, Smythe & Smythe, Charleston, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and THOMSEN, District Judge.

PER CURIAM.

This is an appeal from a judgment for defendant in an action to set aside and declare void a trust indenture on the grounds of mental incapacity and undue influence. The case was heard under Rule 39(c) of the Rules of Civil Procedure, 28 U.S.C.A., before an advisory jury which returned a verdict for defendant on both issues. The trial judge denied motions for a directed verdict for plaintiff and for judgment for plaintiff notwithstanding the verdict and made independent findings of fact upon which the judgment in favor of the defendant was entered. From this judgment plaintiff has appealed, contending that the trial judge erroneously failed to apply in favor of plaintiff a presumption that the indenture was obtained by undue influence and that, at all events, the findings in favor of defendant were erroneous.

The trust indenture was executed by one Hans Koebig and his wife Helen Koebig. The trustee was directed to pay the income of the trust property to the cre-

ators of the trust during their joint lives and to the survivor for his or her life and, after the death of both, to make payments from the corpus of the trust to certain individuals and apply the remainder to the support of research in cancer and multiple sclerosis at the Medical College of South Carolina. Hans Koebig was dying of cancer at the time of the execution of the trust indenture and died three days later. Helen Koebig was physically helpless as a result of multiple sclerosis. The contention of plaintiffs is that Helen was mentally incompetent and that Hans exerted undue influence upon her to cause her to execute an instrument which represented his will and not hers. There was ample evidence, however, to the effect that, while Helen was physically helpless, her mentality was not impaired and that she fully understood what she was doing in the execution of the trust agreement and freely and voluntarily assented to its provisions. The trial judge made the following statement with respect to the crucial questions in the case in his findings of fact, viz.:

"I am in complete agreement with the findings of the jury on the special issues which were submitted. I have never tried a case before a more intelligent jury. It is my opinion, independent of the advice given by the jury, that special issue number I should have been answered in the affirmative, and that special issue number II should have been answered in the negative. I find that the overwhelming weight of the testimony is that Helen Foster Koebig did possess sufficient mental capacity to understand in a reasonable manner the nature and effect of the action which she was performing in executing the indenture of trust. I find that the overwhelming weight of the evidence is that Hans K. Koebig, the husband of Helen Foster Koebig, did not exert such undue influence as to destroy her free will in signing the indenture. All the terms and conditions of the indenture were fully and clearly explained to Mrs. Koebig. It is a true expression of her will. It does not represent an act of undue influence on the part of her husband, or anyone else. The matters contained in the indenture were freely and fully discussed by Hans K. Koebig and Helen Foster Koebig prior to the preparation and execution of the trust. The provisions of the indenture bear every evidence of a joint act of the parties."

On the question of mental capacity, there was evidence of experts to the effect that multiple sclerosis which would render a patient helpless physically would not ordinarily affect his mental capacity and there was abundant evidence of both medical and lay witnesses that Mrs. Koebig's mentality was not impaired by the disease and that she was capable of understanding the nature of the trust indenture which she executed. On the question of undue influence, there was evidence that Mr. and Mrs. Koebig were an unusually devoted couple, that Mr. Koebig handled the business of Mrs. Koebig, that they had discussed the disposition of property made by the trust agreement, which disposed of only a fifth or a third of the property which they owned, that they had no children and that all except two of the dispositions (and these two were of a minor character) were made to persons for whom they would naturally have feelings of gratitude or in furtherance of a cause in which they were interested, that Mr. Koebig was facing death and was unable to be present when the instrument was signed by Mrs. Koebig and that it was presented and explained to her by a lawyer of standing who had been handling the affairs of her and Mr. Koebig and that she thoroughly understood and approved of its provisions. In the face of this evidence we would not be justified in setting aside as clearly erroneous the concurrent findings of judge and jury who had the advantage of seeing and hearing the witnesses and were in better position than we could possibly be to pass on the facts of the case.

Plaintiff contends that in his charge to the jury the trial judge erroneously failed to charge that there was a presumption of undue influence because of the relationship existing between Hans and Helen Koebig. It is a sufficient answer to this that no exceptions were taken to any part of the charge and that in giving it the judge stated without objection that it had the approval of counsel for both sides. Aside from this, however, the trial judge found the facts independently of the findings of the jury and in making the findings expressly stated that mental capacity and lack of undue influence were shown by the overwhelming weight of the evidence. This was certainly sufficient, even if the burden as to these issues rested on defendant.

The law of South Carolina governs the case, and the principles applicable to mental incapacity and undue influence are clearly laid down in Du Bose v. Kell, 90 S.C. 196, 71 S.E. 371; those applicable in the case of confidential relationships, in Hammer v. David, 138 S.C. 491, 136 S.E. 744, and Way v. Union Cent. Life Ins. Co., 61 S.C. 501, 39 S.E. 742. These cases were relied upon by the trial judge and correctly followed by him in reaching his decision, as shown by his memorandum of findings and conclusions.

Affirmed.